**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LANYING TAO,

        Petitioner,

  v.

MARKWAYNE MULLIN, *et al.*,

        Respondents.

Case No. 5:26-cv-03670-ACCV

**ORDER GRANTING PETITION**

## I.    RULING

Petitioner Lanying Tao ("Petitioner") (A# 205-742-665) is an immigration detainee in custody at the Adelanto ICE Processing Center in Adelanto, California. A native and citizen of the People's Republic of China, Petitioner is a lawful permanent resident of the United States. On June 19, 2026, the Department of Homeland Security ("DHS") took Petitioner into custody after she arrived at the Los Angeles International Airport. Petitioner challenges her detention under the Due Process Clause, 8 U.S.C. § 1226(a), and the Administrative Procedure Act, 5 U.S.C. § 706(2).

For the reasons discussed below, the Court grants the Petition as to its request for an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).

/ / /

## II.   FACTS AND PROCEDURAL HISTORY

Petitioner is a 60-year-old lawful permanent resident of the United States and a native and citizen of the People's Republic of China.  (Dkt. 1 at 4.) Petitioner's spouse is a United States citizen.  (*Id.*)  Petitioner was detained after returning from an approximately three-month trip to obtain medical treatment abroad.  (*Id.*)  Petitioner's trip abroad did not exceed 180 days.  (*Id.*)  Petitioner is in ongoing removal proceedings under 8 U.S.C. § 1229a and no order of removal has been entered against her.  (*Id.* at 5.)  Petitioner was taken into custody by DHS on June 19, 2026, at Los Angeles International Airport when returning to the United States.  (*Id.* at 4.)

According to Petitioner, she has a criminal disposition from a July 27, 2022 plea but that disposition does not permit Respondents to detain her without an individualized custody determination and does not require her mandatory detention.  (*Id.* at 5.)

Petitioner also alleges that she has kidney malignancy, which is a serious medical condition requiring ongoing specialized care.  (*Id.*)  Petitioner previously had surgery for this condition, and her physicians have recommended that she be evaluated for a transplant.  (*Id.*)  Petitioner alleges that the Adelanto ICE Processing Center cannot provide the specialized care she needs.  (*Id.*)

Since her detention, Petitioner alleges she has not received any written notice regarding a lawful basis for detaining her without bond and that she has not been afforded a bond hearing or any other opportunity to be heard before a neutral decisionmaker regarding her ongoing detention.  (*Id.*)

Petitioner filed her Petition for Writ of Habeas Corpus ("Petition") on July 2, 2026.  (Dkt. 1.)  Advancing three claims, Petitioner argues her detention violates the Fifth Amendment's due process protections, 8 U.S.C. § 1226(a), and the Administrative Procedure Act, 5 U.S.C. § 706(2).  (*Id.* at 12–13.)  Petitioner

requests, *inter alia*, that the Court grant the Petition requiring Respondents release Petitioner or provide a bond hearing within seven days before a neutral decisionmaker at which Respondents must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no alternatives to detention would mitigate those risks. (*Id.* at 14.) Petitioner also seeks a declaration that Respondents violated her due process rights and 8 U.S.C. § 1226(a) by detaining her without an individualized custody determination before a neutral arbiter. (*Id.*)

Respondents filed an Answer to the Petition on July 9, 2026. (Dkt. 7.) Respondents assert that Petitioner's release is not appropriate because she was convicted of a felony crime and sentenced to felony probation after she was accorded lawful permanent resident status. (*Id.* at 2.) Instead, Respondents state that they are "not presenting an opposition argument to a bond hearing held before an Immigration Judge under Section 1226(a) at this time[.]" (*Id.*) Petitioner maintains, and Respondents appear to concede that Petitioner has not had an individualized bond hearing concerning her detention since she was detained. (*Id.* at 1–2; *see* Dkts. 1 at 5; 8 at 2.) In her July 12, 2026 Reply, Petitioner argues that Respondents' concession resolves the statutory question and "requests that the Court enter judgment without further proceedings and order Respondents, within seven days of the Court's Order, to either: (1) provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral decisionmaker, consistent with applicable due process requirements; or (2) release Petitioner from custody." (Dkt. 8 at 1–4.)

### III.    DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United

States[.]" 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under § 2241 for noncitizens subject to detention following an order of removal).

Petitioner's requested relief, *inter alia*, is a declaration that her continued detention violates the Due Process Clause of the Fifth Amendment and an order that she receive a bond hearing or be released immediately. (Dkts. 1 at 14; 8 at 4.) In Respondents' Answer, Respondents plainly state, "Respondent is not presenting an opposition argument to a bond hearing held before an Immigration Judge under Section 1226(a) at this time[.]" (Dkt. 7 at 2.) Given Respondents' concession, nothing more need be said. *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). Given

4

Respondents' non-opposition, Petitioner's prior status, and the absence of procedural safeguards accorded to Petitioner in advance of her detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral decisionmaker, consistent with applicable due process requirements. The Court dismisses Petitioner's remaining claims as moot.

## IV.    ORDER

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is granted as to Petitioner's request for an individualized bond hearing pursuant to 8 U.S.C. § 1226(a); (2) Respondents must provide Petitioner Lanying Tao (A# 205-742-665) an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral decisionmaker, consistent with applicable due process requirements, within seven (7) days or otherwise release Petitioner from custody under the same conditions that existed before Petitioner's detention; and (3) Petitioner's other claims in the Petition are dismissed as moot in light of the narrow scope of relief sought in the Petition and articulated in Petitioner's Reply.

DATED: July 17, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

5